OPINION
{¶ 1} Larry Parsons appeals, pro se, from an order of the Montgomery County Court of Common Pleas, Domestic Relations Division, overruling a magistrate's decision that reduced both Parsons' child support obligation and the sum Parsons was required to pay on a support arrearage.
 {¶ 2} Parsons claims that the trial court abused its discretion by failing to reduce his support obligation. He further claims that the trial court erred by addressing the amount of the arrearage, because that issue was not properly before the court.
 {¶ 3} We conclude that the trial court incorrectly computed Parsons' income. We further conclude that the trial court erred in determining the amount of the arrearage. Therefore, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 I {¶ 4} Larry Parsons was divorced from Janet Parsons (now Piper) in 1992. One child was born of that marriage. Pursuant to the terms of the divorce decree, Mr. Parsons was required to pay child support.
 {¶ 5} In January, 2004, Mr. Parsons filed a motion for modification of child support alleging that his income had been substantially reduced since the initial calculation. He also sought a reduction in the amount of monies to be paid monthly on his child support arrearage. A hearing was held before a magistrate. Following the hearing, the magistrate issued a decision reducing both the amount of support due and the amount required to be paid on the arrearage on a monthly basis. The magistrate's decision was based upon a finding that Mr. Parsons had a yearly income of $12,000.
 {¶ 6} Mr. Parsons filed objections to the magistrate's decision, claiming that his income was less than the amount determined by the magistrate. Mrs. Piper did not respond to the objections.
 {¶ 7} The trial court overruled Mr. Parsons' objections. It also disagreed with the decision of the magistrate, and declined to reduce either the amount of Mr. Parsons' child support obligation or the amount of his required monthly payment toward the arrearage. The trial court, in reaching this decision, imputed income to Mr. Parsons. Specifically, the trial court found that Mr. Parsons had voluntarily elected not to receive $4,000 in salary despite the fact that the money was available to him. The trial court also found that Mr. Parsons received financial aid from his brother and that this aid should have been counted as income. The trial court also counted the yearly fee of a golf membership as income. Finally, the trial court made a determination of the total amount of the arrearage owed by Mr. Parsons. From the judgment of the trial court, Mr. Parsons appeals.
 II {¶ 8} Mr. Parsons does not articulate his arguments in terms of Assignments of Error. We have grouped his arguments into two categories and have set forth the gist of his arguments as separate assignments of error.
 {¶ 9} Mr. Parsons' First Assignment of Error is as follows:
 {¶ 10} "The trial court erred in imputing income to Mr. Parsons and by failing to impute income to Mrs. Piper"
 {¶ 11} Mr. Parsons contends that the trial court erred by improperly imputing income to him and by failing to impute income to Mrs. Piper.
 {¶ 12} Initially, we note that a trial court's modification of a prior child support order is within the broad discretion of the trial court and will not be disturbed absent an abuse of discretion. Woloch v. Foster
(1994), 98 Ohio App.3d 806, 810. The term "abuse of discretion" implies that the decision of the trial court was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} With this standard in mind we first conclude that the trial court did not abuse its discretion by failing to impute any income to Mrs. Piper. The record does not include any evidence to indicate that imputation of income to Mrs. Piper would have been appropriate.
 {¶ 14} Next we address the issue of whether the trial court correctly imputed income to Mr. Parsons. The evidence in the record, in the form of Mr. Parsons' testimony and his W-2 income tax statement, indicates that Mr. Parsons earned $8,000 during the year preceding the hearing on his motion. According to his testimony, Mr. Parsons worked for a company owned by his brother. He further testified that he was paid a salary of $1,000 per month. The record also indicates that Mr. Parsons only worked for eight out of twelve months that year but, had he chosen to do so, he could have elected to receive his monthly income of $1,000 for each of the four months he did not work. Therefore, we cannot say that the trial court, or the magistrate, erred by concluding that Mr. Parsons' income, including imputed income, for the year in question totaled $12,000.
 {¶ 15} The trial court also imputed the sum of $5,160 as income to Mr. Parsons. The trial court based this amount upon Mr. Parsons' testimony that he received financial assistance from his brother. The trial court multiplied Mr. Parsons' stated monthly expenses of $430, some of which amount he received as monthly assistance from his brother, by the term of twelve months. Mr. Parsons contends that this computation was erroneous. We agree.
 {¶ 16} According to the transcript, Mr. Parsons testified that he only received assistance from his brother during the four months that he did not receive a salary from his brother's business. He further testified that the amount provided by his brother was "probably somewhere in the neighborhood of $1,200."
 {¶ 17} Additionally, although the trial court found that Mr. Parsons' brother routinely paid for all of his expenses, including, for example, water, electric, and telephone expenses, we note that Mr. Parsons testified that these costs were actually accounted for in the amount of rent he paid to his brother each month.[1] Thus, it was error for the trial court to use the sum of $430 — the total monthly expenses — as the basis for its calculation. We conclude that there is nothing in the record to support the trial court's computation in this regard.
 {¶ 18} Furthermore, we find error in the trial court's having imputed both the amount of untaken salary that was available to Mr. Parsons, and the costs paid by his brother, as income. The evidence indicates that the costs were only paid by the brother for four months because Mr. Parsons decided to forego his salary during those months. There is no evidence in this record to indicate that he would have received any financial assistance from his brother had he elected to take his full salary. Thus we conclude that the trial court could use one of those sums, but not both, in imputing income to Mr. Parsons.
 {¶ 19} The trial court also included the sum of $375 as income to Mr. Parsons based upon the fact that he owns a golf club membership. Mr. Parsons contends that this amount cannot be imputed as current income.
 {¶ 20} The evidence in the record indicates that the club gave Mr. Parsons a nine-year membership to the club after he performed some work for the club. The yearly cost of the membership would be $375. There is no evidence to suggest that Mr. Parsons can sell the membership, or that he can exchange it for cash. The membership was a valuable asset that Mr. Parsons received for work performed in the year of its receipt. Accordingly, the full value of the membership could be counted as income for the year in which it was received in exchange for work performed, but it cannot be counted toward his current yearly income. Therefore, we conclude that the trial court erred by including this amount in its calculation of Mr. Parsons' current income.
 {¶ 21} Finally, we note that there is evidence in the record that Mr. Parsons uses a vehicle provided by his brother's company. The vehicle, which is insured by the company, is available to Mr. Parsons for his personal use. The use of this insured vehicle has some value that should be counted as income to Mr. Parsons. Therefore, on remand, the trial court should determine the value to be assigned to this item.
 {¶ 22} We conclude that the trial court erred in its computation of Mr. Parsons' income by imputing as income both the unused salary and the financial aid provided by the brother. We further find that the trial court erred in its calculation of the amount of aid provided to Mr. Parsons by his brother. Finally, we conclude that the trial court did not err by failing to impute income to Mrs. Piper. Accordingly, the First Assignment of Error is sustained in part and overruled in part.
 III {¶ 23} Mr. Parsons' Second Assignment of Error is as follows:
 {¶ 24} "The trial court erred by determining the amount of child support arrearages accrued by Mr. Parsons."
 {¶ 25} Mr. Parsons contends that the trial court should not have determined the amount of his child support arrearage, because that matter was not an issue raised before the magistrate.
 {¶ 26} Mr. Parsons' motion sought a reduction in the amount of monthly child support as well as a reduction of the monthly amount to be paid toward any arrearage. The magistrate granted the motion and reduced the arrearage payment. The trial court disagreed with the magistrate's decision and declined to reduce the monthly arrearage payment.
 {¶ 27} In reaching its decision, the trial court stated as follows:
 {¶ 28} "Based upon a Montgomery County Support Enforcement Agency audit dated July 9, 2004, the court finds that the movant is in arrears in his child support obligation in the amount of $55,660.80. The court finds that a payment on the child support arrearage in the amount of $51 per month is appropriate."
 {¶ 29} The issue of the amount of the monthly payment on the arrearage was raised before the magistrate; however the issue of the determination of the total amount of the arrearage was not. Thus, the trial court erred in setting the amount of the arrearage. The record clearly indicates that the amount of the total arrearage is disputed. Therefore, prior to determining the amount of the arrearage, the trial court must give Mr. Parsons the opportunity to present evidence and be heard regarding this issue.
 {¶ 30} We conclude that the trial court erred by determining the amount of the arrearage owed by Mr. Parsons. Accordingly, the Second Assignment of Error is sustained.
 IV {¶ 31} The First Assignment of Error having been sustained in part and overruled in part, and the Second Assignment of Error having been sustained, the order of the trial court regarding the reduction of monthly child support and the amount of the total child support arrearage is Reversed. This cause is remanded for such other proceedings, consistent with this opinion, as the trial court may deem necessary or appropriate.
Brogan, P.J., and Young, j., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.
[1] The record shows that Mr. Parsons lived with his brother at all times relevant to this appeal, and that he paid his brother the sum of $200 per month as rent.